UNITED STATES BANKRUPTCY COURT
DISTRICT OF CONNECTICUT

| | | |
|---|---|---|
| IN RE: | ) | CASE NO.  04-22006 (ASD) |
| | ) | |
| ANNE DE HERTOGH and | ) | |
| PETER DE HERTOGH | ) | CHAPTER  7 |
| | ) | |
| DEBTOR | ) | RE: DOC. I.D. NO. 123 |

<u>APPEARANCES</u>:

John J. O'Neil , Jr., Esq.
255 Main Street, Hartford, CT 06106
Chapter 7 Trustee

Charles A. Maglieri, Esq.
Advanced Bankruptcy Legal Service, 34 Jerome Avenue, Bloomfield, CT 06002
Counsel for Debtors

Bradley M. Smolkin, Esq.
Morrison Mahoney LLP, One Constitution Plaza, 10th Floor, Hartford, CT 06103-1810
Counsel for Patrick W Boatman

**MEMORANDUM AND ORDER ON TRUSTEE'S NOTICE OF INTENT TO ABANDON**

ALBERT S. DABROWSKI, Chief United States Bankruptcy Judge

**I.**

**INTRODUCTION**

Before the Court are the <u>Notice of Trustee's Intent to Abandon Property</u> (hereafter, the "Notice"), Doc. I.D. No. 123, through which the Chapter 7 Trustee has provided notice of his intent to abandon to the Debtors any interest the estate may have in "[a]ny bankruptcy related malpractice claim held by the Debtors" against their former bankruptcy

attorney (Notice at 1); the Objection thereto (hereafter, the "Objection"), Doc. I.D. No. 125, filed on behalf of the Debtors' former bankruptcy attorney, Attorney Patrick W. Boatman; and the Debtors' Reply (hereafter, the "Reply"), Doc. I.D. No. 132, to such Objection. The parties presented their oral arguments at a hearing held on January 29, 2009 (hereafter, the "Hearing"), after which the Court took the matter under advisement. For the reasons set forth hereinafter, the Court concludes that the Debtors' malpractice action against their former bankruptcy attorney, for allegedly causing the denial of their homestead exemption, is not property of the Debtors' bankruptcy estate, and, accordingly, the Objection shall be overruled.

## II.

## JURISDICTION

The United States District Court for the District of Connecticut has jurisdiction over the instant matter by virtue of 28 U.S.C. § 1334(b); and this Court derives its authority to hear and determine this matter on reference from the District Court pursuant to 28 U.S.C. §§ 157(a), (b)(1) and the District Court's General Order of Reference dated September 21, 1984. This is a "core proceeding" pursuant to 28 U.S.C. §§ 157(b)(2)(O).

## III.

## BACKGROUND

With the assistance of Attorney Patrick W. Boatman (hereafter, "Boatman"), Anne de Hertogh and Peter de Hertogh (together, the "Debtors"), on July 2, 2004 (hereafter, the "Petition Date"), filed a voluntary petition under Chapter 7 of the Bankruptcy Code. In the Schedule A (Real Property) attached thereto, the Debtors listed their residence (hereafter,

the "Residence"), located at 160 North Main Street, West Hartford, Connecticut, as jointly owned with a value of $247,500 and encumbered by two mortgages with a combined outstanding balance of $82,489. In their Schedule C (Exemptions), the Debtors claimed exemptions totaling $150,000 in the Residence under Conn. Gen. Stat. §52-352b(t).

Sometime thereafter the Trustee discovered that, as of the Petition Date, title to the Residence was held in the name of the Anne E. de Hertogh Trust (hereafter, the "Trust"), a self-settled revocable trust established by Anne de Hertogh on January 29, 1998. The Debtors amended their Schedule B (Personal Property) to include their interest in the Trust as an asset with a value equal to the value of the Residence, its sole asset. The Trustee thereafter revoked the Trust and, on May 19, 2008, commenced an adversary proceeding against the Debtors seeking turnover of the Residence as property of the estate. The Court, on September 25, 2008, approved the Trustee's motion to compromise, whereby the Debtors received title to the Residence in exchange for their payment of $146,000[1] to the estate.

The Debtors commenced an action for legal malpractice (hereafter, the "Malpractice Action") against Boatman in state court, alleging that, by not advising them to revoke the Trust and hold title to the Residence jointly in their own names before filing their bankruptcy petition, he caused them to lose the $150,000 homestead exemption to which they would otherwise have been entitled.[2] The state court dismissed the action without

---

[1] The Debtors procured the $146,000 to "repurchase" the Residence by obtaining an additional mortgage thereon.

[2] The Court makes no findings herein as to the merits of the underlying Malpractice Action, but considers only whether the Trustee or the Debtors has standing to bring such an action.

3

prejudice because the Trustee was not named as a plaintiff.[3] The Debtors' motion to reconsider is presently pending in the state court.

In the matter presently before the Court, the critical issue concerns whether the Malpractice Action is property of the bankruptcy estate or property of the Debtors. The Trustee, contending that the Malpractice Action is not property of the estate, filed the Notice seeking to abandon the interest of the estate, if any, therein. The Trustee argues that the estate has no interest in the Malpractice Action and seeks to "abandon" any semblance of such an interest as (i) recovery of any significance is "doubtful" (Notice at 1), (ii) the costs of pursuing such an action are "in excess of any possible benefit to creditors" (id.). and (iii) so that the Debtors may clearly establish their standing to pursue the Malpractice Action in state court.

Through the Objection, Boatman argues that the Malpractice Action is property of the estate, and that it has value to the estate because he offered to purchase it from the Trustee for $2,500. The Debtors contend, *inter alia*, that the Malpractice Action was "not sufficiently rooted in pre-petition events to make it . . . Property of the Estate." (Reply at 3.)

## IV.

## DISCUSSION

### A.   *Preliminary Issues*

The Court first considers certain threshold matters raised by the parties. The

---

[3]  No documentary or testimonial evidence was proffered as to the state court proceedings; the Court's understanding thereof is drawn from statements of counsel at the hearing.

Debtors question whether Boatman has standing to object to the Notice and whether state law prohibits the Trustee from transferring or assigning the Malpractice Action to Boatman. Because Boatman's offer to purchase the Malpractice Action is essentially an offer, by the defendant in such action, to settle the claims against him (which he contends are the subject of the proposed abandonment), Boatman, as a real party in interest, has standing to object. And, in light of this Memorandum and Order, effectively authorizing the Trustee's abandonment of any interest of the bankruptcy estate in the Malpractice action, it is not necessary for the Court to determine whether Boatman is prohibited from entering into a settlement of an action brought against him by either the Code of Professional Conduct or restrictions against assignment of personal injury actions.

Boatman also argued at the Hearing that, under the doctrine of collateral estoppel, the Bankruptcy Court is barred from considering whether the Malpractice Action is property of the bankruptcy estate. Neither the state court complaint nor the state court order of dismissal were entered into evidence. Counsel indicated that the state court dismissal was "without prejudice." "It is well established that a dismissal without prejudice has no res judicata effect on a subsequent claim." Camarano v. Irvin, 98 F.3d 44, 46 -47 (2d Cir. 1996).

### B.  *The Malpractice Action is Property of the Estate*

The major point of contention in the present proceeding concerns whether the Malpractice Action is property of the estate or of the Debtors. Courts have taken several approaches to this question. Some, relying on Butner v. United States, 440 U.S. 48, 99 S.Ct. 914 (1979), and the language of Section 541, have looked to whether, as of the

5

petition date, a cause of action had accrued under applicable state law. See, e.g. Swift v. Seidler (In re Swift), 198 B.R. 927 (Bankr. W.D.Tex. 1996) (under Texas law, cause of action for legal malpractice causing loss of an exemption could only accrue post-petition and was therefore not property of the estate); Holstein v. Knopfler (In re Holstein), 321 B.R. 229 (Bankr. N.D. Ill. 2005) (cause of action for legal malpractice allegedly causing denial of discharge accrued post-petition; was property of debtor, not property of estate); But see Helbling v. Josselson (In re Almasri), 378 B.R. 550 (Bankr. N.D. Ohio 2007) (concluding that, under Ohio law, a malpractice claim that accrued at the time petition was filed rather than post-petition when discharge was revoked; held property of estate). Other courts, relying on Segal v. Rochelle, 382 U.S. 375, 380, 86 S.Ct. 511, 515 (1966) considered whether a cause of action that accrued post-petition was nevertheless "sufficiently rooted in the pre-bankruptcy past and so little entangled with the bankrupt's ability to make an unencumbered fresh start that it should be regarded as 'property' under §70(a)(5) [of the former Bankruptcy Act]." See, e.g. Casey v. Grasso (In re Riccitelli), 320 B.R. 483, 491-92 (Bankr. D.Mass. 2005) (malpractice claim alleging loss of homestead exemption that accrued post-petition was not "sufficiently rooted in the pre-bankruptcy past" to become property of the estate); But see Wheeler v. Magdovitz (In re Wheeler), 137 F.3d 299 (5th Cir. 1998) (malpractice claim for allegedly causing debtor's conviction for bankruptcy fraud held property of estate even though cause of action did not accrue under Mississippi law until post-petition); Rich v. Strada Design Associates, Inc. (In re Strada Design Associates, Inc.), 326 B.R. 229, 236 (Bankr. S.D.N.Y. 2005) (concluding that claim that attorney filed petition under wrong chapter was property of estate; held that

"a cause of action will be 'property of the estate' if it has sufficient roots in the debtor's pre-bankruptcy activities and is not entangled with the debtor's 'fresh start,' regardless of when the claim accrues under state law.").

The Court finds the matter best resolved by direct reference to Bankruptcy Code Sections 541(a)(1) and §541(a)(7), and the property interests created by state law. Such an approach, the same as is used to determine whether any other interest in property becomes property of the estate, is most consistent with the language, precedents and policy of the Bankruptcy Code. See, e.g. Hirsch v. Arthur Andersen & Co., 72 F.3d 1085, 1093 (2d Cir. 1995) ("Whether the rights belong to the debtor . . . is a question of state law. Thus, the trustee stands in the shoes of the debtors, and can only maintain those actions that the debtors could have brought prior to the bankruptcy proceedings.") (citations and internal quotation marks omitted). Accordingly, the Court's analysis focuses on *when* (pre- or post-petition) and *to whom* (the estate or the post-petition debtor) a legally cognizable interest in the cause of action arose under the applicable state law.

The filing of a Chapter 7 petition creates a bankruptcy estate encompassing "all legal or equitable interests of the debtor in property as of the commencement of the case," 11 U.S.C. §541(a)(1), including any causes of action possessed by the debtor. Seward v. Devine, 888 F.2d 957, 963 (2d Cir. 1989). "Property interests are created and defined by state law. Unless some federal interest requires a different result, there is no reason why such interests should be analyzed differently simply because an interested party is involved in a bankruptcy proceeding." Butner v. United States, 440 U.S. 48, 55, 99 S.Ct. 914, 918 (1979).

> The federal bankruptcy code broadly defines property of a debtor's estate as including "all legal or equitable interests of the debtor in property as of the commencement of the case." 11 U.S.C. § 541(a)(1) (1988). Within this definition of a debtor's property fall the debtor's rights of action. . . .
>
> Although federal bankruptcy law determines the outer boundary of what may constitute property of the estate, state law determines the "nature of a debtor's interest" in a given item. Therefore, whereas federal law instructs us that [an action] may constitute property of [the Debtors'] estate, state law determines whether [the Debtors'] interest in the cause of action is sufficient to confer on the estate a property right in the action.

Crysen/Montenay Energy Co. v. Esselen Associates, Inc. (In re Crysen/Montenay Energy Co.), 902 F.2d 1098, 1101 (2d Cir.1990).

In accordance with Butner and Crysen/Montenay, the Court must determine whether, under applicable Connecticut law, the Debtors had a legally cognizable interest in the Malpractice Action as of the Petition Date. "Only causes of action held by the debtor at the commencement of the case are property of the estate that could have been litigated or settled by the bankruptcy trustee as the representative of the debtor's estate." In re Alper Holdings USA, Inc., 398 B.R. 736, 759 (S.D.N.Y. 2008).

A plaintiff acquires an interest in a cause of action at the time it accrues. If, as of the Petition Date, the Malpractice Action had accrued under Connecticut law, it became property of the estate and the Trustee, standing "in the shoes" of the Debtors, has standing to assert it. On the other hand, if the Malpractice Action did not accrue until after the petition was filed, it is property of the Debtors, not the estate, and the Debtors have standing to pursue it.

> To resolve whether the trustee has asserted claims that belong solely to [the debtor], we must determine what claims [the debtor] possessed against [the defendant] before [the debtor] went bankrupt. . . . Normally this would

8

include . . . a determination that [the debtor] would have been able to withstand a motion to dismiss . . . . <u>See, e.g.</u>, <u>Cissell</u>, 521 F.2d at 792 (holding as a matter of law that . . . trustee had no cause of action because none had accrued before bankruptcy).

<u>Shearson Lehman Hutton, Inc. v. Wagoner</u>, 944 F.2d 114, 119 (2d Cir. 1991).

Under Connecticut law, a cause of action for legal malpractice does not accrue until a plaintiff sustains some injury or harm as a result of the complained of act or omission.[4] <u>See</u> <u>Prokolkin v. General Motors Corp.</u>, 170 Conn. 289, 294-296 (1976) (Cause of action for tort does not *accrue* until injury occurs, even though applicable statute of limitations, Conn. Gen. Stat. §52-577, is measured from the time of "the act or omission complained of"). So long as the required element of harm remains purely hypothetical, a plaintiff has no legally cognizable cause of action for legal malpractice and thus no property interest therein. An action for negligence, including legal malpractice, brought prior to the incidence of an injury must be dismissed as unripe for adjudication.

> "A case that is nonjusticiable must be dismissed for lack of subject matter jurisdiction." <u>Mayer v. Biafore, Florek & O'Neill</u>, 245 Conn. 88, 91 713 A.2d 1267 (1998). . . "Accordingly, in determining whether a case is ripe, a trial court must be satisfied that the case before [it] does not present a hypothetical injury or a claim contingent upon some event that has not and indeed may never transpire." (Citation omitted; internal quotation marks omitted) <u>Chapman Lumber, Inc. v. Tager</u>, 288 Conn. 69, 86-87, 952 A.2d 1 (2008). . . . In this case, the existence of . . . . any injury sustained by the plaintiff stemming from the allegations of the defendant's misconduct are, at this point, hypothetical. This case is distinguishable from those cases in which only the amount of damages is in question, thereby affecting the plaintiff's ability to prove its case, and not the court's jurisdiction.

<u>Cadle Co. v. D'Addario</u>, 111 Conn.App. 80, 82 (2008).

---

[4] Under Connecticut law, the elements of a cause of action for legal malpractice are: "(1) the existence of an attorney-client relationship; (2) the attorney's wrongful act or omission; (3) causation; and (4) damages." <u>Mayer v. Biafore, Florek & O'Neill</u>, 245 Conn. 88, 92 (1998).

9

The parties to the present proceeding do not dispute that the acts or omissions alleged in the Malpractice Action took place at or before the time the petition was filed. The critical issue then is whether the alleged harm occurred pre- or post-petition. If the resulting harm occurred prepetition, then the cause of action accrued prepetition and the Debtors' interest therein became property of the estate upon commencement of the bankruptcy case. If, however, the Debtors suffered no prepetition harm, they had no legally cognizable interest in a Malpractice Action as of the Petition Date; any such interest would have arisen only post-petition when the cause of action accrued.

The harm alleged by the Debtors was the disallowance *in the bankruptcy case* of their claimed homestead exemption, which, in turn, necessitated their making a payment of $146,000 to the estate in order to retain their Residence. A property interest cannot be exempted from the claims of creditors in a bankruptcy case unless it has first become property of the estate.

> Bankruptcy Code § 522(b) provides in relevant part: "Notwithstanding section 541 of ... [title 11], an individual debtor may exempt from property of the estate the property listed in ... paragraph (2) of this subsection." 11 U.S.C.A. § 522(b) (West 2001). Thus, only "property of the estate" may be exempted pursuant to Section 522(b).

In re Cantrell, 270 B.R. 551, 555 (Bankr. D.Conn. 2001); See also Novak v. Woodin (In re Woodin), 294 B.R. 436, 439 (Bankr. D.Conn. 2003) ("In order for a debtor to exercise rights to exempt property that property must be property of the estate.... The debtor's purported exemption of property that is not property of the estate is a nullity....").

Because the bankruptcy estate did not exist until the petition was filed, the harm asserted by the Debtors, i.e., disallowance of their claim for a homestead exemption in the

10

Residence, could not, as a matter of law, have occurred until after the petition was filed. See In re Riccitelli, 320 B.R. at 492 ("Only postpetition could [the debtor] have claimed the homestead exemption in bankruptcy. . . . Only postpetition did he suffer . . . the loss of what would otherwise have been his protected equity."); In re Swift, 198 B.R. at 932 - 933 (malpractice cause of action "did not accrue until a legal injury occurred -when the debtor's claimed exemptions drew an objection. That was . . . post-petition.")

Having concluded that the Malpractice Action accrued post-petition and thus is not property of the estate pursuant to Section 541(a)(1), the Court further concludes that it did not become property of the estate pursuant to Section 541(a)(7), which includes in the estate "any interest in property that *the estate* acquires after the commencement of the case." 11 U.S.C. § 541(a)(7) (emphasis added). Because the Debtors, not the estate (which actually benefitted from disallowance of the homestead exemption), sustained the post-petition harm that gave rise to the cause of action, it was the Debtors who, post-petition, acquired the malpractice cause of action. Since property acquired post-petition by a debtor does not, with limited exceptions not applicable hereto, become property of the estate, the Malpractice Action belongs to the post-petition Debtors and it is they alone who have standing to pursue it.

Although the Court considers the foregoing analysis, applying the language of Section 541 and the applicable state law, the appropriate one, it nevertheless reaches the same conclusion under the Segal approach. Although the acts and omissions complained of took place prepetition, such "prepetition roots . . . are overwhelmed by significant postpetition events in the accrual of the claim and especially by the relation of the claim

11

to the Debtor's fresh start." See Riccitelli, 320 B.R. at 491-92 (applying Segal approach and concluding that malpractice claim alleging loss of homestead exemption was not property of estate).

### C.     Abandonment

Bankruptcy Code Section 554, (Abandonment of Property of the Estate), provides, in relevant part, "[a]fter notice and a hearing, the trustee may abandon any *property of the estate* that is burdensome to the estate or that is of inconsequential value and benefit to the estate." 11 U.S.C. § 1554(a) (emphasis added). The standard applicable to a bankruptcy court's review of a trustee's decision to abandon property of the estate is the "business judgment rule," whereby:

> [W]hen called upon to review contested applications for abandonment, a court must focus its examination upon the reasons underlying the trustee's determination and affirm a decision which reflects a business judgment made in good faith, upon a reasonable basis and within the scope of his authority under the Code.

In re Wilson, 94 B.R. 886, 888-890 (Bankr. E.D.Va. 1989) (citations and internal quotation marks omitted).

The Court agrees with the Trustee's position that the Malpractice Action is not property of the estate. The Notice, therefore, evinces the Trustee's intent, in the interest of clarity and to preclude the potential for further litigation concerning the Debtors' standing to proceed in state court, to abandon any other potential or residual malpractice claim against Boatman which could be construed as property of the estate, thereby eliminating any potential issue pertaining to the Debtors' standing to proceed in state court. A trustee is not precluded from abandoning, compromising or otherwise

12

administering an estate's interest in potential causes of action against certain defendants "whether or not known of by the Trustee, and whether or not said claims actually exist." *See, e.g. In re Boyer*, 354 B.R. 14, 23 (Bankr. D.Conn. 2006), *aff'd* 372 B.R. 102 (D.Conn. 2006), *aff'd* 2009 WL 1635922 (2d Cir. June 11, 2009) (approving Trustee's motion to compromise such potential claims for $85,000, notwithstanding an offer to purchase such claims for $90,000).

The Objection posits that, Boatman's offer to purchase the Malpractice Action from the Trustee for the sum of $2,500 refutes the Trustee's assertion that recovery of any significance is unlikely. The Court finds that it does not. In light of the Court's conclusion that the Malpractice Action is not property of the estate, what Boatman is seeking to purchase is not something the Trustee can sell him and thus has no bearing on the Trustee's exercise of his business judgment that the abandonment he seeks is in the best interests of the estate.

## V.

## CONCLUSION

In accordance with the forgoing discussion, the Objection is OVERRULED and the Trustee's Notice is APPROVED.

Dated: August 28, 2009                                                                          BY THE COURT

Albert S. Dabrowski
Chief United States Bankruptcy Judge